TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
SEBASTIAN BELLM (Cal. Bar No. 359407)
LOGAN PAGE (Cal. Bar No. pending)
Assistant United States Attorney
General Crimes Section
1200 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-0119 / 0482
E-mail: sebastian.bellm@usdoj.gov
logan.page@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>PAUL JAMES LAFRANCE,<br>Defendant. | No. 5:25-cr-00183-JLS<br>PLEA AGREEMENT FOR DEFENDANT PAUL JAMES LAFRANCE |

1. This constitutes the plea agreement between defendant PAUL JAMES LAFRANCE ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

RULE 11(c)(1)(C) AGREEMENT

2. Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines

that it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty pleas entered pursuant to this agreement, this agreement will, with the exception of paragraph 26 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement. Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 31 and 32 below, will control, with the result that defendant will not be able to withdraw any guilty pleas entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty pleas.

DEFENDANT'S OBLIGATIONS

3. Defendant agrees to:

a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a two-count second superseding information in the form attached to this agreement as Exhibit A or a substantially similar form, which charge defendant with Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and Conspiracy to Tamper with a Witness, in violation of 18 U.S.C. § 1512(k).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 20 of this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h. Agree to and not oppose the imposition of the following conditions of probation or supervised release:

i. The defendant shall submit defendant's person and any property under defendant's control, including any residence, vehicle, papers, computer and other electronic communication or data storage devices and media, and effects, to suspicion-less search and seizure at any time of the day or night by any law enforcement or probation officer, with or without a warrant, and with or without cause; and if stopped or questioned by a law enforcement officer for any reason, defendant shall notify that officer that defendant is on federal supervised release and subject to search.

THE USAO'S OBLIGATIONS

4. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 18 of this agreement.

c. At the time of sentencing, move to dismiss the underlying indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

NATURE OF THE OFFENSES

5. Defendant understands that for defendant to be guilty of the crime charged in count one of the second superseding information, that is, Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), the following must be true: (1) defendant knowingly possessed a controlled substance, namely, methamphetamine; and (2) defendant possessed it with the intent to distribute it to another person.

6. Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant possessed at least 50 grams of methamphetamine. Defendant admits that defendant, in fact, possessed at least 50 grams of methamphetamine.

7. Defendant understands that for defendant to be guilty of the crime charged in count two of the information, that is,

Conspiracy to Tamper with a Witness, in violation of 18 U.S.C. § 1512(k), the following must be true: (1) beginning on a date unknown and continuing to on or about September 28, 2026, there was an agreement between two or more persons to intimate, threaten, or corruptly persuade a person with the intent to influence, delay or prevent the testimony of the person in an official proceeding; and (2) defendant joined the agreement knowing of its purpose and intending to help accomplish that purpose.

8. The conspiracy to which defendant is pleading guilty involves an agreement to commit the substantive offense of Tampering with a Witness, in violation of 18 U.S.C. § 1512(b)(1). Defendant understands that the elements of the crime of witness tampering, which is the object of the conspiracy charged in count two, are as follows: (1) a person intimated, threatened, or corruptly persuaded a person; and (2) that person acted with the intent to influence, delay or prevent the testimony of the person in an official proceeding.

PENALTIES

9. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) is life imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

The statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii) is: 10 years' imprisonment, followed by a 5-year period of supervised release, and a mandatory special assessment of $100.

AC AF

10. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1512(k), is: 20 years imprisonment; a five-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from

Paul James LaFrance

the offense, whichever is greatest; and a mandatory special assessment of $100.

11. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: life imprisonment; a lifetime period of supervised release; a fine of $10,250,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

12. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

13. Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

14. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case

may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

15. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

16. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the

Sentencing Guidelines factors set forth in paragraph 17 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On March 6, 2025, in Riverside County, within the Central District of California, defendant knowingly and intentionally possessed with intent to distribute a controlled substance, namely, approximately 477 grams of actual methamphetamine, a Schedule II controlled substance.

Specifically, on that date, deputies with the Riverside County Sheriff's Department found in defendant's possession approximately 477 grams of actual methamphetamine, over 100 Ziploc-style plastic bags, and two digital scales. Accordingly, defendant admits that he knowingly possessed at least 50 grams, that is, approximately 477 grams, of actual methamphetamine and intended to distribute the methamphetamine to another person.

Furthermore, beginning on a date unknown, and continuing through or about September 28, 2026, in Los Angeles County, within the Central District of California, defendant, Co-Conspirator 1, Co-Conspirator 2, and others known and unknown, conspired and agreed with each other to threaten physical force against another person, B.P., with the intent to influence, delay or prevent the testimony of B.P. in an official proceeding, namely, the criminal case of United States v. Paul James LaFrance, 5:25-cr-00183(A)-JLS. Defendant joined the agreement knowing of its purpose and intending to help accomplish that purpose.

Specifically, after learning that B.P. submitted an anonymous "We-Tip" that led to seizure of methamphetamine from defendant's

residence on March 6, 2025, and that B.P. was served with a trial subpoena for his testimony at defendant's November 17, 2026 trial, defendant made the following statements about B.P. and B.P.'s anticipated testimony:

1. On August 19, 2026, at approximately 11:26 a.m., in a recorded phone conversation with Co-Conspirator 1, defendant stated, "I need [B.P.] to say . . . I'm gonna call him David from now on, okay? So when when I text you, it's gonna be David. I need him to say that he didn't do a We-Tip . . . . So I need [B.P.]. . . I need David to say that he didn't do the We-Tip. And if he has to go on the stand and lie, then he has to do that."

2. On August 20, 2026, at approximately 5:25 p.m., in a recorded phone conversation with Co-Conspirator 1, defendant stated, "Did you find out if [B.P.] made that We-Tip? . . . Well even if he did, I need him to call Annie with an affidavit that says the police are lying and I didn't do that."

3. On September 10, 2026, at approximately 8:01 p.m., in a recorded phone conversation with Co-Conspirator 1, defendant stated, "tell [B.P.], 'hey, just be on guard' . . . . All [B.P.] has to do is just tell the investigator and that's it. Maybe come to Court and hey, I'll even fucking pay him."

4. On September 21, 2026, at approximately 12:56 p.m., in a recorded phone conversation with Co-Conspirator 2, defendant told Co-Conspirator 2 about his efforts to locate B.P. After defendant told Co-Conspirator 2 that B.P. is around, Co-Conspirator 2 stated, "If I catch him, I'll beat his ass." Defendant responded, "Just find him, you know? Tell him, hey, you better tell him to do what's right in Court. Because he got subpoenaed."

5. On September 26, 2026, at approximately 5:41 p.m., in a recorded phone conversation with Co-Conspirator 1, defendant stated, "Well someone needs to beat the fuck outta [B.P.] is what they need to do . . . . Yeah, just make sure that gets out, you know, . . . because if he shows up in Court and says that, I want Manny at my Court, I want Paul at my Court, and them to fucking just rush right there because all they're gonna do is go to jail for one day. They better beat his ass when he goes outside." During that same recorded phone conversation with Co-Conspirator 1, defendant referenced B.P.'s sister, told Co-Conspirator 1 where B.P.'s sister lives, and stated that they, meaning defendant and Co-Conspirator 1, should "send a message." Co-Conspirator 1 responded, "I will."

6. On September 28, 2026, at approximately 6:46 p.m., in a recorded phone conversation with Co-Conspirator 1, defendant directed Co-Conspirator 1 to tell B.P., "What's done is done, but to make it right, stand up and fucking balls up, and help him out and do this . . . . And when I get out, I can help him, because he needs help. If not, he can't look over his shoulder his entire life."

SENTENCING FACTORS AND AGREED-UPON SENTENCE

16. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only.

///

///

///

17. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 32 | U.S.S.G. § |
| Obstructing or Impeding the Administration of Justice: | +2 | U.S.S.G. § 3C1.1 |

18. The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

19. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to the Sentencing Guideline factors set forth above.

20. Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7), an appropriate disposition of this case is that the Court impose: (1) a term of imprisonment between 156 and 168 months; (2) a five-year period of supervised release with conditions to be fixed by the Court, which shall include the conditions set forth in paragraph 3(h) above; and (3) a $200 special assessment. The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3.

WAIVER OF CONSTITUTIONAL RIGHTS

21. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to be represented by counsel - and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel - and if necessary have the Court appoint counsel - at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

22. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that

the statement of facts provided herein are insufficient to support defendant's pleas of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND WAIVER OF POST-CONVICTION COLLATERAL ATTACK

23. Defendant agrees that, provided the Court imposes the sentence specified in paragraph 20 above, defendant gives up the right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

24. Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

25. The USAO agrees that, provided the Court imposes the sentence specified in paragraph 20 above, the USAO gives up its right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEA

26. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

27. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

28. Defendant further agrees that this paragraph of the agreement is severable. Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement. Defendant also agrees that his waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

29. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining convictions, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

EFFECTIVE DATE OF AGREEMENT

30. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

31. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required

certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty pleas.

32. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

33. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing. Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

34. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it

chooses to impose are not error, although each party agrees to maintain its view that the calculations and sentence referenced in paragraphs 17 and 20 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

NO ADDITIONAL AGREEMENTS

35. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

///

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

36. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

November 4, 2026

SEBASTIAN BELLM
LOGAN PAGE
Assistant United States Attorneys

Date

11/4/26

PAUL JAMES LAFRANCE
Defendant

Date

11/4/26

JAMES THREATT
ANNIE CARNEY
Attorney for Defendant
PAUL JAMES LAFRANCE

Date

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

[signature] 11/4/26

PAUL JAMES LAFRANCE
Defendant

Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am PAUL JAMES LAFRANCE's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

Anne Carney 11/4/26

JAMES THREATT
ANNIE CARNEY
Attorney for Defendant
PAUL JAMES LAFRANCE

Date

# Exhibit A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>PAUL JAMES LAFRANCE,<br>Defendant. | No. 5:25-cr-00183(A)-JLS<br><br>SECOND SUPERSEDING INFORMATION<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 1512(k): Conspiracy to Tamper with a Witness] |

The United States of America charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about March 6, 2025, in Riverside County, within the Central District of California, defendant PAUL JAMES LAFRANCE knowingly possessed with intent to distribute at least 50 grams, that is, approximately 477.3 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[18 U.S.C. § 1512(k)]

Beginning on a date unknown, and continuing through on or about September 28, 2026, in Los Angeles County, within the Central District of California, defendant PAUL JAMES LAFRANCE, and others known and unknown, conspired and agreed with each other to threaten physical force against Witness-1 with the intent to influence, delay, and prevent the testimony of Witness-1 in an official proceeding, namely, the criminal case of United States v. Paul James LaFrance, Case No. 5:25-cr-00183(A)-JLS, in violation of Title 18, United States Code, Section 1512(a)(2)(A).

FOFEITURE ALLEGATION

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of Count One as set forth in this Second Superseding Information.

2. Any defendant so convicted shall forfeit to the United States of America the following:

a. All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

b. All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

c. All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

d. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

KYLE W. KAHAN
Assistant United States Attorney
Deputy Chief, General Crimes Section

SEBASTIAN BELLM
Assistant United States Attorney
General Crimes Section

LOGAN L. PAGE
Assistant United States Attorney
General Crimes Section